Filed 12/15/16  P. v. Pierce CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AARON JAMES PIERCE,<br><br>    Defendant and Appellant. | 2d Crim. No. B326278<br>(Super. Ct. Nos. 2022021215,<br>2022024137, 2022029377)<br>(Ventura County) |

Aaron James Pierce appeals a judgment entered following his guilty plea to two counts of burglary and one count of attempted burglary.  (Pen. Code, §§ 459, 664.)[1]  The 16-month concurrent sentence for attempted burglary in Case No. 2022024137 is reduced to an eight-month concurrent sentence. The judgment is otherwise affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*FACTUAL AND PROCEDURAL HISTORY*

This appeal raises the single issue of an unauthorized sentence for the criminal offense of attempted burglary. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [a violation of the mandatory provisions governing the length of confinement results in an unauthorized sentence that may be challenged at any time].) The Attorney General concedes and the parties agree that resentencing is necessary.

In Ventura County Case No. 2022021215, Pierce was charged with burglary and possession of fentanyl. (§ 459; Health & Saf. Code, § 11350, subd. (a).) Shortly after midnight on August 21, 2022, Pierce was seen inside a closed music and video store. Police officers detained him after he left the store. Pierce had compact discs and a poncho from the store in his possession. He also had fentanyl in a metal container.

In Ventura County Case No. 2022024137, Pierce was charged with attempted burglary and possession of methamphetamine. (§§ 664, 459; Health & Saf. Code, § 11377, subd. (a).) Shortly after midnight on September 21, 2022, police officers found Pierce attempting to pry open the door to a business complex with a long stick. He informed officers that he planned to sleep inside the complex. Officers found methamphetamine in Pierce's clothing pocket during a search incident to his arrest.

In Ventura County Case No. 2022029377, Pierce was charged with burglary and having committed the offense while released on his own recognizance or bail. (§§ 459, 12022.1, subd. (b).) In the early morning of November 16, 2022, Pierce entered the courtyard of a church and attempted to pry open doors with a metal garden tool. He then obtained a metal pipe, opened the

2

church office door, and entered the church office. As he left the church carrying a gray satchel containing a digital projector, Oxnard police officers detained him.

On November 22, 2022, Pierce waived his preliminary examination and trial rights in the three cases and pleaded guilty to two counts of burglary and one count of attempted burglary. On January 19, 2023, the trial court sentenced Pierce to two years eight months in county jail, consisting of two years for the Case No. 2022021215 burglary, eight months consecutive for the Case No. 2022029377 burglary, and a 16-month concurrent sentence for the Case No. 2022024137 attempted burglary. The court dismissed the remaining counts and allegations and awarded Pierce presentence custody credit. The plea and sentencing resulted from a negotiated disposition between the court and the parties.

The trial court granted Pierce a certificate of probable cause on February 6, 2023. This appeal followed.

Appellate counsel then filed an opening brief informing this court that he reviewed the record and could not find any arguable issues to raise on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel noted that he filed a motion in the trial court, however, to correct the sentence imposed for attempted burglary. Counsel requested that we send the opening brief to Pierce and inform him of his right to file a supplemental letter or brief. We so informed Pierce and he filed supplemental briefs asserting that trial counsel stated that she would urge the trial court to grant probation and order Pierce's participation in a substance abuse program.

On August 17, 2023, counsel filed a motion in this court requesting to withdraw the prior *Wende* brief and submit an

3

opening brief raising the issue of an unauthorized sentence for attempted burglary.  Counsel stated that the trial court directed him to raise the issue on appeal.  We granted counsel's motion, struck the prior *Wende* brief, and permitted the filing of an opening brief.

## DISCUSSION

The parties agree that the trial court erred by imposing a 16-month county jail sentence for attempted burglary.  The sentence for burglary is 16 months or two or three years.  (§§ 461, subd. (b), 1170, subd. (h)(1).)  Attempts to commit crimes are punishable by one-half the sentence for the completed crimes. (§ 664, subd. (a).)  Thus, the lower term concurrent sentence that the court imposed for attempted burglary should have been eight months, not 16 months.

We do not address the claims Pierce makes in his supplemental briefs filed in response to the now-withdrawn *Wende* brief.  The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case applies to the filing of pro se documents on appeal.  (*People v. Merkouris* (1956) 46 Cal.2d 540, 554-555.)  Other than motions regarding representation, pro se documents are returned unfiled or, if mistakenly filed, stricken from the docket.  (*People v. Mattson* (1959) 51 Cal.2d 777, 798.)

## DISPOSITION

The 16-month concurrent sentence imposed for attempted burglary in Case No. 2022024137 is reduced to an eight-month concurrent sentence.  (§ 1260.)  The judgment is otherwise affirmed.  The trial court shall amend the abstract of judgment

4

accordingly and forward the amended abstract to the Department of Corrections and Rehabilitation

NOT TO BE PUBLISHED.


                                        GILBERT, P. J.

We concur:



        BALTODANO, J.



        CODY, J.

5

Patricia M. Murphy, Judge

Superior Court County of Ventura

———————————————

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.